**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| Calvin Flemmings, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Credit Management, LP, d/b/a The CMI Group, | : |
| Defendant. | : |

## COMPLAINT

For this Complaint, the Plaintiff, Calvin Flemmings, by undersigned counsel, states as follows:

### JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

3.     Plaintiff Calvin Flemmings (hereafter "Plaintiff"), is an adult individual whose residence is in Upper Marlboro, MD, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant Credit Management, LP (hereinafter "Defendant"), is a Nevada limited partnership with an address of 4200 International Parkway, Carrollton, TX 75007, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.      The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6.      Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.      Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8.      The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9.      The debt arose as a result of a Comcast cable bill for approximately $100.00.

10.     The Defendant began calling the Plaintiff in January, 2009.

11.     The Defendant attempted to collect $381.00 from the Plaintiff.

12.     The Defendant threatened to injure the Plaintiff's credit rating.

13.     The Defendant refused to verify the debt after the Plaintiff sent the Defendant a written dispute letter.

14. The Plaintiff sent the Defendant full payment for the debt conditioned on the Defendant agreeing to not report the debt to credit reporting agencies. The Defendant accepted the check, but reported the debt the very same day. The Plaintiff cancelled the check as a result of the Defendant reporting the debt.

15. The Defendant called the Plaintiff at 8:03 AM on a Saturday morning demanding immediate payment of the debt.

16. The Defendant used profane language when communicating with the Plaintiff.

17. The Defendant returned a check to the Plaintiff that the Plaintiff had sent for the full payment of the debt.

18. The Plaintiff requested that the Defendant remove the debt from the Plaintiff's credit report, but the Defendant refused.

19. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692,** *et seq.*

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendant contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

22. The Defendant used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

23. The Defendant misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

24. The Defendant threatened to communicate false credit information, in violation of 15 U.S.C. § 1692e(8).

25. The Defendant failed to report that the debt was disputed to the credit bureaus, in violation of 15 U.S.C. § 1692e(8).

26. The Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

27. The Defendant attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

28. The Defendant failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

29. The Defendant failed to send the Plaintiff a validation notice stating the name of the creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

30. The Defendant failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

31. The Defendant failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

32. The Defendant failed to state that they would provide the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

33. The Defendant continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

34. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
### VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
### MD. CODE COMM. LAW § 14-201, *et seq.*

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The Defendant is a "collector" as defined under MD. Code Comm. Law § 14-201(b).

38. The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

39. The Defendant disclosed or threatened to disclose information affecting the Plaintiff's reputation for creditworthiness, in violation of MD. Code Comm. Law § 14-202(3).

40. The Defendant used obscene and grossly abusive language when communicating with the Plaintiff, in violation of MD. Code Comm. Law § 14-202(7).

41. The Plaintiff suffered emotional distress and mental anguish as a result of the Defendant's repeated contact.

42. The Plaintiff is entitled to damages proximately caused by the Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 15, 2009

Respectfully submitted,

By /s/ Forrest E. Mays

Forrest E. Mays (Bar No. 07510)
2341 N Forrest Drive, Suite 90
Annapolis, MD  21403
Telephone: (410) 267-6297
Facsimile: (410) 267-6234
Email: mayslaw@mac.com
MD Bar No. 07510


Of Counsel To
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666